IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01978-PAB

SANTOS HILARIO PEREZ LOPEZ,

      Petitioner,

v.

WARDEN, Denver Contract Detention Facility; DIRECTOR, Denver Field Office, U.S. Immigration & Customs Enforcement, Enforcement & Removal Operations,
TODD M. LYONS, Acting Director, U.S. Immigration & Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General, and
DAREN K. MARGOLIN, Director, Executive Office for Immigration Review, in their official capacities,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Santos Hilario Perez Lopez's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of Guatemala who entered the United States without inspection on or about December 15, 2001. Docket No. 1 at 9, ¶ 40. On November 11, 2025, immigration authorities detained petitioner and transported him to the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 10, ¶ 44. On March

---

[1] The following facts are undisputed unless otherwise noted.

19, 2026, petitioner requested custody redetermination before the immigration judge and the immigration judge denied that request. *Id.*, ¶ 47.

On May 7, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id*. Petitioner brings claims alleging a violation of the Immigration and Nationality Act ("INA") (Count I); violation of his Fifth Amendment right to procedural due process (Count II); and violation of his Fifth Amendment right to substantive due process (Count III). *See id.* at 11-14. Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). *See id*. at 14-15.

## II.    ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *See id.* at 11, ¶¶ 49-51; Docket No. 8 at 2-4. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because § 1226(a) applies to noncitizens, like petitioner, "who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents." *See* Docket No. 1 at 11, ¶ 50. Because he believes that § 1226(a) applies, petitioner argues that respondents must provide him with a bond hearing. *See id*. at 6, ¶ 23. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled. Docket No. 8 at 2-4. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

2

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). The Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on. *See generally* Docket No. 8. The Court finds no distinguishing material facts between this case and *Alfaro Orellana*. Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on Count I and order respondents to provide petitioner a bond hearing[2] within seven days of the date of this order.[3]

---

[2] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing. *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").

[3] Because the Court will grant the habeas petition on the basis of petitioner's INA § 1226(a) claim, it will not reach petitioner's remaining claims and requests for relief. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Santos Hilario Perez Lopez's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

applicability of § 1226(a)").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado. *See* Docket No. 1 at 15.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

[4] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").